UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CASTORO & CO., INC.** | : | **Civil Action No.: 14-1305 (MAS)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| **HARTFORD ACCIDENT AND** | : | |
| **INDEMNITY COMPANY, INC.,** | : | |
| **SENTRY INSURANCE CO. and JOHN** | : | |
| **DOE I-X (being fictitious persons), and** | : | **RECEIVED** |
| **XYZ CORP. I-X (being fictitious** | : | |
| **Corporations),** | : | **MAY 2 2 2014** |
| | : | |
| **Defendants.** | : | AT 8:30_____M |
| | : | WILLIAM T WALSH CLERK |

## ARPERT, U.S.M.J

Before the Court is a Motion by Capitol Environmental Services, Inc. ("Capitol") for leave to Intervene in this case pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b) [dkt. no. 6]. Defendants Hartford Accident and Indemnity Company ("Hartford") and Sentry Insurance A Mutual Company ("Sentry") have opposed this Motion [dkt. nos. 13 and 12]. For the reasons set forth below, Capitol's Motion is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this dispute are well known to the parties and need not be repeated at length. Briefly, this matter arises out of Plaintiff Castoro & Co., Inc.'s ("Castoro") action seeking a Declaratory Judgment regarding Hartford's and Sentry's obligations under separate insurance policies issued to Castoro. See Plaintiff's Amended Complaint at p. 10, dkt. entry no. 5. In dispute is whether the policies issued to Castoro require Hartford and/or Sentry to defend and indemnify Castoro in connection with environmental contamination at Castoro's property in West Windsor, New Jersey. Id. Capitol performed environmental remediation services for Castoro on the property in 2013. See Capitol's Memorandum of Law ("Memo") at p. 3. Capitol

1

was partially paid by Castoro but is still owed $306,224.60.  Id.  According to Capitol, "[d]isposition of the action without Capitol's participation may impede its collection efforts." See Memo at p. 2.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 24, in pertinent part, provides:

(a) INTERVENTION OF RIGHT. On timely motion, the court must permit anyone to intervene who:
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) PERMISSIVE INTERVENTION.
> (1) In General. On timely motion, the court may permit anyone to intervene who:
>> (A) is given a conditional right to intervene by a federal statute; or
>> (B) has a claim or defense that shares with the main action a common question of law or fact.

In the Third Circuit, a litigant seeking intervention as of right must establish: (1) a timely application to intervene; (2) a sufficient interest in the litigation; (3) a threat that the interest will be impaired or affected, as a practical matter by disposition of the action; and (4) inadequate representation of the applicant's interest by existing parties to litigation. Kleissler v. U.S. Forest Service, 157 F.3d 964, 969 (3d Cir. 1998). Each requirement must be met in order to intervene as of right. Id.  A party seeking permissive intervention must establish: (1) a timely application for intervention; (2) a common question of law or fact; and (3) the intervention does not unduly delay or prejudice the rights of the original parties.  Brody v. Spang, 957 F.2d 1108, 1124 (3d Cir. 1992). The decision to allow intervention is within the sound discretion of the Court. Id.

2

## III.    THE PARTIES' ARGUMENTS

Capitol contends that it is entitled to intervene under Fed. R. Civ. P. 24, both as a matter of right and permissively. The Court will consider these arguments in turn.

### A. Intervention of Right

Initially, Capitol seeks to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a)(2). See Memo at p. 4. Capitol argues that intervention is proper because it has an interest relating to the property that is the subject of the action. Id. Capitol cites Mountain Top Condo. Assn. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (2d Cir. 1988), to support its argument that the Motion to Intervene is timely inasmuch as the "critical inquiry" into timeliness is "what proceedings of substance on merits have occurred." See Memo at p. 5. Capitol maintains that the case is still in the early stage of the proceedings because there have been no hearings, proceedings or rulings on any substantive matter. Id. In addition, there have been no dispositive motions filed, discovery has not commenced, and the original parties will not suffer any prejudice. Id.

Capitol also maintains that it has an interest in the subject matter of this litigation. Id. Capitol maintains that in determining whether an interest is protectable, the Third Circuit has "relied on pragmatic considerations such as the benefits derived from consolidation of disputes into one proceeding." Kleissler, 157 F.3d at 970. See Memo at p. 6. Capitol asserts that the approximately $300,000 owed by Plaintiff is a legally protectable interest inasmuch as Castoro is seeking to have Sentry and Hartford pay for Capitol's remediation services. See Memo at p. 7. In addition, Capitol asserts that the disposition of the litigation may impair Capitol's ability to

3

protect its interest.  Specifically, Capitol maintains that if the parties reach a settlement then the settlement may impair, reduce or bar Capitol's ability to collect monies it is owed.  Id.

Finally, Capitol maintains that none of the parties adequately represent Capitol's interest.  See Memo at p. 8.  Capitol cites Mountain Top Condo. Assn. v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (2d Cir. 1988), to argue that Capitol meets the "minimal" burden of showing that the representation of its interests "may be" inadequate.  See Memo at p. 9.  Capitol maintains that there is a possibility that Castoro and Hartford and Sentry may develop settlement strategies that are adverse to Capitol's interests.  Id.

By contrast, Hartford and Sentry contend that Capitol cannot establish the requirements of Fed. R. Civ. P. 24 (a)(2) to support intervention as of right.  See Sentry's Br. at 2.  Specifically, Hartford and Sentry argue that Capitol does not have a sufficient interest in this action to warrant intervention.  Id.  Hartford maintains that Capitol's interest in this dispute is merely an economic interest in seeing that Castoro recovers sufficient insurance proceeds to satisfy its alleged debt to Capitol.  See Hartford's Br. at p. 4.

Moreover, Hartford argues, Capitol cannot carry its burden of demonstrating that its interests are not adequately represented by the parties to this action.  See Hartford's Br. at p. 5.  Hartford maintains that Capitol's interests are aligned with Castoro's interests inasmuch as both parties want Castoro to receive the maximum possible recovery.  Id.  In addition, Sentry maintains that the disposition of Castoro's coverage action will not impair Capitol's claim against Castoro.  See Sentry's Br. at 9.  Sentry argues that whether the insurance policies in dispute afford coverage for the claimed environmental damage at Castoro's property has nothing to do with Capitol's breach of contract claim against Castoro.

**B. Permissive Intervention**

Alternatively, Capitol seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b). See Memo at p. 9. Capitol maintains that permissive intervention is appropriate inasmuch as Capitol's participation would neither delay the proceedings nor prejudice the rights of the original parties. See Memo at p. 10. In addition, Capitol makes the conclusory statement that Castoro's claim against Hartford and Sentry share a common question of law and fact with Capitol's claim. Id.

In opposition, both Hartford and Sentry maintain that Capitol does not meet the requirements for permissive intervention under Fed. R. Civ. P. 24(b) inasmuch as the action does not share a common question of fact or law. Sentry cites Treesdale to support the argument that a proposed intervener's contingent economic stake in the outcome of an insurance coverage action is insufficient to demonstrate a common question of law or fact supporting permissive intervention. See Hartford's Br. at p. 6.

**IV.    DISCUSSION**

The Court concludes that Capitol has not satisfied the standards to intervene in this matter, pursuant to Fed. R. Civ. P. 24, either as of right or permissively. The Court will address each argument separately.

**A. Intervention of Right**

With respect to intervention as of right pursuant to Fed. R. P. 24(a), the Court finds that Capitol has failed to establish the requirements set forth by the Third Circuit in Kleissler. As noted above, a litigant seeking intervention as of right must establish: (1) a timely application to intervene; (2) a sufficient interest in the litigation; (3) a threat that the interest will be impaired or affected, as a practical matter by disposition of the action; and (4) inadequate representation of

the applicant's interest by existing parties to litigation. See Kleissler 157 F.3d at 969. Although Capitol filed a timely Motion to Intervene, Capitol does not have a legally protectable interest that is subject to this litigation, Capitol's interests will not be impaired and Capitol's rights are adequately represented by the existing parties to the suit.

As an initial matter, Capitol does not have a legally protectable interest that satisfies the standards to intervene as a matter of right. Instead, Capitol is moving to intervene in order to protect an economic interest. The Third Circuit has consistently stated that a "mere economic interest in the outcome of litigation is insufficient to support a motion to intervene [and] [t]hus the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005).

Even if Capitol could satisfy the interest element for intervention, Capitol cannot demonstrate the impairment element. Whether an existing party adequately protects a prospective intervenor's interests depends on "how the interest of the absentee compares with the interest of the present parties." Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995). Capitol argues that its ability to protect its substantial economic interest would be impaired absent intervention. However, any judgment rendered concerning the insurance policy will have no effect on the merits of Capitol's contract claim against Castoro nor will it prevent Capitol from filing suit against Castoro for breach of contract. Finally, even if Capitol could demonstrate the interest and impairment elements, the Court finds that Castoro adequately represents Capitol's interests. Capitol maintains that the Parties may enter into a settlement that is adverse to Capitol's interest. However, Castoro and Capitol share the same interest in maximizing Castoro's available insurance coverage and ultimate recovery

6

because, in so doing, Castoro's ability to satisfy its debt to Capitol is enhanced. See In re Camden Police Cases, 11-1315 RBK/JS, 2012 WL 4442415 (D.N.J. Sept. 24, 2012). Therefore, Capitol's interests are adequately represented by Castoro. Ultimately, the Court finds that Capitol does not meet the requirements for intervention by right.

### B. Permissive Intervention

Separately, the Court concludes that grounds do not exist to grant Capitol's request for permissive intervention. As stated in Brody, a party seeking permissive intervention must establish: (1) a timely application for intervention; (2) a common question of law or fact; and (3) the intervention does not unduly delay or prejudice the rights of the original parties. See Brody, 957 F.2d at 1115-16. As previously addressed, Capitol filed a timely motion for intervention and the Court finds that intervention would not unduly delay or prejudice the rights of the original parties. However, there is no common question of law or fact between Castoro and Capitol's claims. The Third Circuit has found "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she cannot accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [plaintiff] may have caused." Treesdale, 419 F.3d at 227-28. Here, the declaratory judgment action involving interpretation of the insurance contracts between Castoro and Hartford and Sentry has no question of law or fact in common with Castoro's breach of contract claim. Therefore, the Court finds that Capitol does not meet the requirements for permissive intervention.

## IV. CONCLUSION

For the reasons stated,

**IT IS** on this 22nd day of May,

7

**ORDERED** that Capitol's Motion to Intervene is **DENIED**.

s/ Douglas E. Arpert
**DOUGLAS E. ARPERT U.S.M.J.**