**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASTORO & CO., INC., | : |
| Plaintiff, | : Civil Action No. 14-1305 (MAS) (DEA) |
| v. | : |
| HARTFORD ACCIDENT AND INDEMNITY COMPANY, INC., et al., | : **MEMORANDUM OPINION** |
| Defendants. | : |

**SHIPP, District Judge**

This matter comes before the Court on Cross-Motions for Reconsideration, pursuant to Local Civil Rule 7.1(i). Defendant Hartford Accident and Indemnity Company, Inc. ("Hartford") moved for reconsideration. (ECF No. 75.) Defendant Sentry Insurance Co. ("Sentry") joined Hartford's Motion. (ECF No. 81.) Castoro & Co., Inc. ("Castoro") opposed the Motion. (ECF No. 85.) Additionally, Castoro filed a Cross-Motion for Reconsideration, (ECF No. 76), and Sentry and Hartford opposed Castoro's Motion. (ECF Nos. 78, 79.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Hartford, Sentry, and Castoro's Motions for Reconsideration are DENIED.

**I.      Background & Procedural History**

Hartford and Sentry each issued, at different times, general liability insurance policies to Castoro, a company in the excavating and paving business. (Mem. Op. 2-4, ECF No. 70.) After the New Jersey Department of Environmental Protection determined that Castoro was responsible for contamination at one of the sites where it disposed of waste, Castoro filed the instant action

against Sentry and Hartford seeking, among other things, a declaratory judgment compelling coverage of Castoro's remediation costs. (Compl. ¶¶ 1-61, ECF No. 1-1.) Following completion of discovery, the parties cross-moved for partial summary judgment. (ECF Nos. 57, 59, 60.) The Court denied Castoro's motion, granted Sentry's motion, and granted in part and denied in part Hartford's motion. (ECF Nos. 70, 71.)

In denying Castoro's motion and granting Sentry and Hartford's motions with regard to the application of per occurrence—as opposed to aggregate—policy limits, the Court found that the continuous-trigger theory applied to the coverage dispute because the underlying claims arose from a progressive indivisible injury. (Mem. Op. 10-11.) Accordingly, the Court determined that the indivisible injury allowed for a finding of only one occurrence per year. (*Id.* at 13.)

In denying Hartford's motion with regard to the Absolute Pollution Exclusion ("APE"), the Court determined that the APE in Hartford's policies only applied to intentional pollution. (*Id.* at 13-14.) The Court further determined that Hartford failed to demonstrate that there was no genuine dispute of material fact with regard to the requisite intent and, therefore, denied Hartford's motion as to the APE. (*Id.*)

## II. Legal Standard

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its final decision. *See* L. Civ. R. 7.1(i) (governing motions for reconsideration). In order to succeed on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the [C]ourt granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,

2

176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the [C]ourt but were overlooked." *Id.* (*Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

### III. Parties' Positions

#### A. Hartford and Sentry's Motions for Reconsideration[1]

In support of Hartford and Sentry's Motions, Hartford argues that the Court "misapprehended the scope of the APE" because the Court found that the exclusion only applied to "intentional pollution," "contrary to well-established law." (Hartford's Moving Br. 1, ECF No. 75-1.) Specifically, Hartford argues that the Court misinterpreted *Nav-Its, Inc. v. Selective Insurance Company of America*, 869 A.2d 929 (N.J. 2005). (*Id.* at 4-15.) Hartford asserts that *Nav-Its* interpreted APE clauses to "bar[] coverage for [] government-mandated cleanup of [] hazardous substances . . . pursuant to the Spill Act (among other environmental protection laws) because that is a paradigmatic or quintessential example of a 'traditional environmental pollution claim.'" (*Id.* at 8 (quoting *Nav-Its*, 869 A.2d at 930)). Hartford further argues that "the New Jersey court decisions issued since *Nav-Its* applying the APE do so without any regard for whether there was intent to cause pollution." (Hartford Moving Br. 11-12.)

In opposing Hartford and Sentry's Motions, Castoro argues that "Hartford has not demonstrated that the Court made a clear error of law—or, indeed, any error of law—in its original decision." (Castoro's Opp'n Br. 1, ECF No. 85.) Additionally, Castoro attempts to clarify the

---

[1] Sentry joins Hartford's Motion. (ECF No. 81.)

3

difference between "traditional pollution" and the pollution that occurred in the instant case. (*See id.* at 2-5.) Castoro argues that the "road millings and construction debris" in this case do not constitute "traditional pollution" because they did not involve "improper disposal or containment of hazardous waste[,] which is the definition . . . [of] traditional pollution." (Castoro's Opp'n Br. 2 (citing Hartford's Moving Br. 11 n.10).)

### B. Castoro's Motion for Reconsideration

Castoro cross-moves for reconsideration on the Court's decision regarding the "per occurrence" policy limit. (Castoro's Moving Br. 1, ECF No. 76-1.) Castoro asserts that the Court misconstrued Castoro to be arguing that the underlying injury is indivisible, whereas Castoro actually argued that "the injury is not solitary but rather is divisible into several indivisible injuries." (*Id.*) Castoro further argues that the Court "mistakenly assumed that 'indivisible' referred to the inability to separate the pollution from each separate substance from the other substances." (*Id.* at 2.)

In opposing Castoro's Motion for Reconsideration, Hartford additionally argues that the Court's decision was properly based on current New Jersey law, and that Castoro improperly focuses on discrete contacts, as opposed to the overarching cause of the damage, to determine the number of occurrences. (Hartford's Opp'n Br. 1-2, ECF No. 79.) Hartford argues that "where the environmental damage is 'long-tail' damage that develop[s] over time[,] the 'continuous trigger theory' applies and . . . [thus] the one occurrence is treated as triggering one per occurrence limit in each policy year." (*Id.* at 2.) Hartford further argues that the Court has already considered and rejected Castoro's arguments. (*Id.*)

4

### IV. Discussion

#### A. Hartford and Sentry's Motions for Reconsideration

Here, Hartford asserts that the Court committed a clear error in its interpretation of the New Jersey Supreme Court's decision in *Nav-Its*. For the proposition that the Court misinterpreted *Nav-Its*, Hartford relies on *Colony Insurance Group v. Electric Fork Lift Repair, Inc.*, No. 08-716, 2009 WL 928520, at *8 (D.N.J. Apr. 3, 2009) and *Ward Sand & Materials Co. v. Transamerica Ins. Co.*, No. L-4130-09, 2016 WL 237781, at *1 n.1 (N.J. Super. Ct. App. Div. Jan. 12, 2016). In *Colony*, however, the district court merely stated that the parties did "not put forth any evidence or case law indicating that [the APE] should not be applied to their claim." *Colony Ins. Grp.*, 2009 WL 928520, at *8. In contrast, Castoro put forth persuasive case law in support of its argument that New Jersey law requires intent for pollution to constitute "traditional environmental pollution." (*See, e.g.*, Castoro's Summ. J. Reply Br. 16, ECF No. 67.) Additionally, in *Ward Sand*, an unpublished New Jersey Appellate Division opinion, the court merely noted that certain policies were "not at issue on [the] appeal" because they "apparently contained absolute policy exclusions." *Ward Sand & Materials Co.*, 2016 WL 237781, at *1 n.1. Absent meaningful analysis to the contrary, the Court does not find clear error in its interpretation of the *Nav-Its* decision. Accordingly, the Court denies Hartford and Sentry's Motions for Reconsideration.

#### B. Castoro's Motion for Reconsideration

Castoro argues that the Court committed a clear error in its application of the continuous trigger doctrine under New Jersey law. Upon review of Castoro's submissions, however, the Court does not find that it committed a clear error of fact or law. Rather, Castoro merely asserts that the Court misconstrued Castoro's argument and attempts to clarify its argument. Castoro argues that the Court misinterpreted *Owens-Illinois, Inc. v. United Insurance Co.*, 650 A.2d 974, 995 (N.J. 1994), and *Quincy Mutual Fire Insurance Co. v. Borough of Bellmawr*, 799 A.2d 499, 502-05

(N.J. 2002), and offers an alternative interpretation, which the Court already considered and rejected in its prior decision. (*See* Castoro's Moving Br. 1-2; Mem. Op. 10-12.) In other words, Castoro asks the Court to rethink what it has already thought through in determining the applicable number of occurrences per policy period, which constitutes an improper basis for granting a motion for reconsideration. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Accordingly, the Court denies Castoro's Motion for Reconsideration.

## V. Conclusion

For the reasons set forth above, Hartford, Sentry, and Castoro's Motions for Reconsideration are DENIED. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 5th, 2017